# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**EDWIN J. SANTIAGO-RIVERA,**

    **Petitioner,**

    v.

**UNITED STATES OF AMERICA,**

    **Respondent.**

**Civil No. 16-3007 (ADC)**
**[Related to Crim. No. 14-742 (ADC)]**

## ORDER

Edwin J. Santiago-Rivera ("petitioner") brings a petition pursuant to 28 U.S.C. § 2255 to vacate or set aside his conviction. **ECF Nos. 1, 13**. The Court appointed counsel on behalf of petitioner, allotting counsel forty-five days to evaluate the petition and file a supplementary briefing. **ECF No. 15**. The government filed a response in opposition. **ECF No. 17**. Appointed counsel did not file anything in support of petitioner's request. For the following reasons, the petition and amended petition are **DENIED**. **ECF Nos. 1, 13**.

**I.    Background**

The government filed a four-count indictment against petitioner, charging him with one count of transportation of a minor with intent to engage in criminal sexual activity, one count of production of child pornography, one count of production/attempted production of child pornography, and one count of possession of child pornography, in violation of 18 U.S.C. §§ 2423(a), (e); 2252(a)(4)(B). **Crim. No. 14-742, ECF No. 13.** Petitioner pleaded guilty to one

count of transportation of a minor with the intent to engage in criminal sexual activity, in violation of 18 U.S.C. § 2423(a), in exchange for dismissal of the other counts. *Id*. at **ECF No. 29**. According to the facts stipulated in the plea agreement, petitioner engaged in sexual intercourse with a 14-year-old female on November 21, 2014, after driving her to a motel in Ponce, Puerto Rico. *Id*. at 11–13. On several occasions, he also shared explicit photographs of the teenager with another individual via text message and through a cell phone application called "kik." *Id*. at 11–12. On July 1, 2015, the Court sentenced petitioner to 200 months imprisonment, in accordance with the sentencing range and guidelines calculation outlined in the plea agreement.[1] *Id.* at **ECF Nos. 86; 29.**

Despite the plea agreement containing an appeal waiver, petitioner timely filed a notice of appeal. In his appeal, he challenged the constitutionality of 18 U.S.C. § 2423(a), raising commerce clause arguments "indistinguishable" from those the First Circuit Court of Appeals addressed in *United States v. Carrasquillo-Peñaloza*, 826 F.3d 590 (1st Cir. 2016). *Id*. at **ECF Nos. 87**, **91**. The defendant in *Carrasquillo-Peñaloza* pleaded guilty to one count of attempting to prostitute a 14-year-old girl, in violation of 18 U.S.C. § 2423(a), and then appealed "the application of 18 U.S.C. § 2423(a) to conduct wholly within Puerto Rico" as exceeding "Congress's legislative authority." *Carrasquillo-Peñaloza*, 826 F.3d at 591. The Court of Appeals held that the defendant "waived her right to bring [her commerce clause challenge] by entering

---

[1] Now-retired United States District Judge José A. Fusté presided over the underlying criminal case.

an unconditional guilty plea." *Id.* at 593. Likewise, in this case, the Court of Appeals summarily denied petitioner's appeal in light of *Carrasquillo-Peñaloza*. **Crim. No. 14-742, ECF No. 91**.

Now, petitioner has repackaged his commerce clause arguments as ineffective assistance of counsel claims, asserting that counsel was ineffective for failing to challenge the jurisdiction of the federal government to prosecute the crime to which he pleaded and for convincing him to plead to an unconstitutional offense. **ECF Nos. 1, 13**. He asserts that the Supreme Court's subsequent decision in *Puerto Rico v. Sanchez-Valle*, 136 S.Ct. 1863 (2016), has altered the analysis since *Carrasquillo-Peñaloza*. **ECF Nos. 1** at 4, 7, 9, 12; **13** at 5. He also argues that defense counsel performed deficiently by failing to object to errors in the application of the Federal Sentencing Guidelines that resulted in petitioner receiving a longer term of imprisonment for his offense than "Congress intended." **ECF No. 1** at 10–11.

## II. Legal Standard

Although the Court appointed counsel to assist petitioner in this matter, counsel opted not to supplement petitioner's pro se filings. Accordingly, the Court will liberally construe the pro se petition, though "pro se status does not insulate a party from complying with procedural and substantive law." *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997). The Court will deem waived any "argument that is merely mentioned in passing or is hidden behind Petitioner's primary complain[t]s as a mere afterthought." *Cruz Vázquez v. United States*, 2019 WL 1055034, at *2 (D.P.R. Mar. 5, 2019) (citing *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990) (holding

that "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived").

To succeed on a claim that counsel was constitutionally ineffective, "[p]etitioner must first show that his counsel's 'performance was deficient,' and he must then show that 'the deficient performance prejudiced the defense.'" *Williams v. United States*, 858 F.3d 708, 715 (1st Cir. 2017) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "The first requirement necessitates a demonstration that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. (citation and internal quotation marks omitted). Nonetheless, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. (citations and internal quotation marks omitted). The prejudice requirement, meanwhile, necessitates a demonstration of "a reasonable probability that, but for counsel's errors, [petitioner] would not have pleaded guilty and would have insisted on going to trial." *Lee v. United States*, 137 S.Ct. 1958, 1965 (2017) (citation and internal quotation marks omitted). Failure to prove either prong of an ineffective assistance claim is fatal to the claim. *United States v. Caparotta*, 676 F.3d 213, 219–20 (1st Cir. 2012).

### III. Analysis

The bulk of petitioner's ineffective assistance arguments are founded on the premise that 18 U.S.C. § 2423(a) unconstitutionally penalizes conduct occurring exclusively within Puerto Rico. This argument has been consistently rejected in this jurisdiction.

Section 2423(a) prohibits the knowing transportation of a minor "in interstate or foreign commerce, or in any commonwealth, territory or possession of the United States" with intent to engage in criminal sexual activity. For section 2423(a) purposes, Puerto Rico is a commonwealth of the United States, *United States v. Greaux-Gómez*, 254 F. Supp. 3d 329, 333 (D.P.R. June 5, 2017), and Congress may rely on the Territorial Clause "to criminalize certain intrajurisdictional activity" within Puerto Rico, *United States v. Ríos-Rivera*, 913 F.3d 38, 44 (1st Cir. 2019).

Moreover, petitioner's reliance on *Sanchez-Valle*'s analysis regarding Puerto Rico's relationship with the United States is misplaced. "Whether and how a federal statute applies to Puerto Rico is a question of Congressional intent," *Antilles Cement Corp. v. Fortuño*, 670 F.3d 310, 320 (1st Cir. 2012), rendering Puerto Rico's political relationship with the United States "beside the point," *see United States v. Maldonado-Burgos*, 844 F.3d 339, 345 (1st Cir. 2016) (interpreting the reach of 18 U.S.C. § 2421). The congressional intent behind section 2423(a) is clear in the unambiguous statutory language extending the prohibition to activity occurring wholly within "any commonwealth, territory or possession of the United States." *See United States v. Cotto-Flores*, 2016 WL 5818476, at *2 (D.P.R. Oct. 5, 2016) (quoting the relevant Congressional Committee Report as echoing the intent clearly expressed in the enacted language).

Thus, section 2423(a) unambiguously "applies to transportation" of minors with intent to engage in criminal sexual activity, even when that conduct occurs "wholly within Puerto Rico." *See Crespo v. United States*, 151 F.2d 44, 45 (1st Cir. 1945); *accord Ríos-Rivera*, 913 F.3d at 44; *Greaux-Gómez*, 254 F. Supp.3d at 333 (noting that *Crespo* remains "binding authority"); *United States v.*

*Montijo-Maisonet*, 254 F. Supp.3d 313, 315 (D.P.R. June 2, 2017) (collecting cases). Thus, there is no basis to hold defense counsel's failure to raise a futile commerce clause challenge to section 2423(a) as prejudicially ineffective.

Petitioner's challenge to the application and calculation of the sentencing guidelines is also unavailing. He argues his sentence was incorrectly calculated because the Court utilized the base offense level for production of pornography, rather than transportation of a minor. **ECF No. 1** at 11. As the government points out, in making this argument petitioner "ignores the application of the cross-reference to production of child pornography pursuant to U.S.S.G. § 2G1.3(c)(1) stipulated in his plea agreement." **ECF No. 17** at 14. As the government expounds, "[h]aving made this stipulation, which was both factually and legally correct, counsel could not have argued against it without breaching the" plea agreement. *Id*.

The Court agrees. The stipulated facts, the soundness of which petitioner does not dispute, support the base level calculation employed. Petitioner admitted he took and distributed sexually explicit photographs of a minor, rendering application of the cross-reference guideline for child pornography factually supported. Nonetheless, although the statutorily prescribed sentencing range for a section 2423(a) conviction is ten years to life, 18 U.S.C. § 2423(a), the government stipulated in the plea agreement that it would not seek greater than a 210 month (17.5 year) sentence. **Crim. No. 14-742, ECF No. 29** at 5. Thus, any objection counsel could have made to the base level offense calculation would have been futile and could have risked breaching the plea agreement. Defense counsel was not deficient for failing to object to the guidelines calculation on this basis.

## IV. Conclusion

Petitioner's request and amended request for relief under section 2255 are **DENIED**. **ECF Nos. 1, 13.** The Clerk of the Court shall enter judgment accordingly.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 25th day of July, 2019.

                                                 **S/AIDA M. DELGADO-COLÓN**
                                                 **United States District Judge**